**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | Case No. 2:20-cr-140 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| **DAVID E. MELLON, SR.,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

This matter is before the Court on Defendant's Motion for Compassionate Release (ECF No. 48), which is unopposed by the Government. For the reasons that follow, Defendant's Motion is **GRANTED**.

Defendant seeks a sentence reduction (more commonly known as "compassionate release") under 18 U.S.C. § 3582(c), which permits a sentencing court, in its discretion, to "reduce the term of imprisonment" of a defendant who has exhausted administrative rights and who shows "extraordinary and compelling reasons [to] warrant such a reduction." After clearing the threshold requirement of exhaustion, *see United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020), the analysis of a compassionate release motion proceeds as follows:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). . . . At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id*.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (alterations original). Defendant's Motion meets each of these requirements.

1

Initially, Defendant has satisfied the exhaustion prerequisite by presenting his request to the Warden in April 2020. (ECF No. 48 at 2–3). Since more than 30 days have passed, Defendant is deemed to have exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A); *see also Alam*, 960 F.3d at 832.

At the first substantive step, Defendant has shown "extraordinary and compelling" circumstances warranting release by discussing his "significant renal function issue," which requires him to be on "constant dialysis." (ECF No. 48 at 1). While in custody, Defendant's condition has necessitated surgeries and external evaluations at a local hospital, and it has precluded him from making his expected transition into a halfway house. (*Id.* at 1–2). Though Defendant has received care from the Bureau of Prisons, release from custody will open up a greater range of resources and treatments. The Court finds that the hardships of Defendant's kidney disease, together with the extent of his required medical attention, satisfy the "extraordinary and compelling" element.

At step two, the Court considers applicable policy statements from the Sentencing Commission. The Sixth Circuit clarified in *Jones* that, where the compassionate release motion is filed directly by an incarcerated person, U.S.S.G. § 1B1.13 (giving criteria for "extraordinary and compelling") is no longer considered an "applicable" policy statement. 930 F.3d at 1101. Thus, *Jones* instructs that courts "may skip step two" in those instances "and have full discretion to define 'extraordinary and compelling' without consulting the policy statement." *Id.* at 1111. Of course, the Court remains free to consider the policy statement; and here, it offers useful guidance. The Sentencing Commission considers the "extraordinary and compelling" element to be met where a defendant is "suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility

and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, note 1(A)(ii). Defendant's condition—advanced kidney disease requiring constant dialysis—meets this description.

Finally, at step three, the Court weighs the sentencing factors found in 18 U.S.C. § 3553(a). Defendant is serving a 27-month sentence, imposed in July 2021, for possession of ammunition by a person convicted of a misdemeanor crime of domestic violence, to which he pleaded guilty. (ECF No. 48 at 1; No. 46 at 1). The sentence is to be followed by 3 years of supervised release, which will include mental health counseling and participation in an approved program for domestic violence. (*Id.* at 3). The incarceration component of Defendant's sentence is scheduled to end on August 18, 2022 (ECF No. 49 at 1), meaning the requested reduction would shorten Defendant's prison term by only one month. As such, Defendant's sentence still would fall well within the guideline range of 21 to 27 months. *See* 18 U.S.C. § 3553(a)(4). The Court is satisfied that such a short reduction would not undermine the punitive, deterrent, or incapacitative objectives of sentencing, nor would it offend Sentencing Commission policies or create unwanted disparities between like defendants. *See id.* §§ (a)(2), (5), (6). The support services attached to Defendant's supervised release term assure the Court that a sentence reduction would not undermine the rehabilitative objective either. *See id.* §§ (a)(2), (3). Finally, the Government's non-opposition reflects a judgment, which the Court shares, that the facts of the underlying offense do not tip the equities in favor of continued incarceration. *See id.* § (a)(1). As such, the sentencing factors are consistent with this short reduction.

For these reasons, Defendant's Motion for Compassionate Release (ECF No. 48) is **GRANTED**. His term of imprisonment is reduced to time served, and he shall commence supervised release subject to the same terms and conditions originally imposed. This Order is

**STAYED** for up to seven days pending establishment of a release plan, including travel arrangements and residence verification. The Court understands those preparations already are underway in anticipation of this ruling. (*See* ECF No. 49 at 1). As soon as a safe release is ensured, Defendant shall be released without delay. If more than seven days are needed to make appropriate arrangements, the parties shall notify this Court immediately and show cause why the stay should be extended.

      **IT IS SO ORDERED.**

                                          **ALGENON L. MARBLEY**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 12, 2022**